Ulanov v. Garland

BIA
Thompson, IJ
A209 012 787

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-one.

PRESENT:
JOHN M. WALKER, JR.,
DENNIS JACOBS,
DENNY CHIN,
*Circuit Judges.*

_____

JENNIFER DECOTEAU ULANOV,
*Petitioner,*

v.                                              18-928
                                                NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Assistant Attorney General; Shelley R. Goad, Assistant Director; Lisa

Morinelli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jennifer Decoteau Ulanov, a native and citizen of Trinidad and Tobago, seeks review of a March 22, 2018, decision of the BIA affirming an October 26, 2017, decision of an Immigration Judge ("IJ") denying Ulanov's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jennifer Decoteau Ulanov*, No. A 209 012 787 (B.I.A. Mar. 22, 2018), *aff'g* No. A 209 012 787 (Immig. Ct. N.Y. City Oct. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

2

We find no error in the agency's conclusion that Ulanov is ineligible for asylum and withholding of removal. Particularly serious crimes bar asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii). Where, as here, an applicant's conviction is not per se particularly serious, the agency considers "(1) the nature of the conviction, (2) the circumstances and underlying facts of the conviction, (3) the type of sentence imposed and (4) whether the type and circumstances of the crime indicate that the alien will be a danger to the community." *Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008) (internal quotation marks and citations omitted). The IJ applied the proper factors and reasonably determined that Ulanov's convictions for grand larceny in the second degree, 21 counts of forgery in the second degree, and 12 counts of falsifying business records in the first degree in violation of New York law were particularly serious under the circumstances. The IJ noted that Ulanov stole $755,000 from the property management company for which she worked by depositing checks into her personal accounts, doctoring bank statements, and forging signatures, and pointed out that Ulanov was sentenced

3

to five years of probation after the sentencing judge noted she already had spent more than a year in jail. Contrary to Ulanov's assertion, the agency was not required to separately consider her danger to the community. *See Nethagani*, 532 F.3d at 154 n.1, 155 (deferring to BIA's interpretation that the particularly serious crime determination does not require a separate danger to the community analysis).

We also find no error in the denial of CAT relief. We review the denial of CAT relief "under the deferential substantial-evidence standard." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1693 (2020). An applicant has the burden to "establish that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see id.* § 1208.17(a).

The agency reasonably concluded that Ulanov failed to establish that her inability to find employment and the discrimination she would face as a criminal deportee would amount to harm rising to the level of torture or involve the requisite intent or government action or acquiescence. *See id.* § 1208.18(a)(1) (defining torture as "severe pain or suffering, whether physical or mental, [that] is

4

intentionally inflicted on a person . . . at the instigation of, or with the consent or acquiescence of, a public official [or other person] acting in an official capacity"). The agency reasonably found too speculative Ulanov's suggestion that she would be unable to find shelter, forced into homelessness, and then subjected to gender-based violence that would rise to the level of torture. *See Savchuck v. Mukasey*, 518 F.3d 119, 123--24 (2d Cir. 2008) (explaining that petitioner "will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." (internal quotation marks omitted)). As the agency acknowledged, the country conditions evidence indicated harsh treatment of women; however, such generalized violence does not establish that someone in Ulanov's particular circumstances is more likely than not to face torture. *See Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (concluding that country reports of some torture

5

were insufficient to establish a CAT claim absent "particularized evidence" that someone in applicant's circumstances would be tortured).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court